## BENJAMIN ELLIS ET AL. v. THOMAS O. ELLIS, SR.

**1. ESTATE DESCENDING TO HEIRS OF WIFE RELICT.**

W. M. died intestate, without issue, leaving E. J. M., his widow. W. M. never had a brother or sister. He, however, left other blood relatives surviving him—uncles and cousins. Subsequently, E. J. M. died intestate, without issue, leaving brothers and sisters, and the descendants of deceased brothers and sisters, surviving her. Held: That the whole of the estate, which upon the death of W. M. passed to E. J. M., under sec. 4159, Rev. Stat., upon the death of the latter descended to and vested in her brothers and sisters and the legal representatives of her deceased brothers and sisters, to the exclusion of the uncles and cousins of W. M. Sec. 4162, Rev. Stat. not applying.

**2. "PERSONAL REPRESENTATIVES" CONSTRUED.**

The last words, "or their personal representatives," in sec. 4159, Rev. Stat., refer to brothers and sisters, and not to husband and wife.

**3. CHANGE OF FORM OF PROPERTY INHERITED.**

A widow converting personalty inherited from her husband into real estate is seized of the latter as by purchase.

APPEAL from the Court of Common Pleas of Logan county.

MOORE, J.

The case is submitted upon a demurrer to the answer.

The answer does not put in issue by denial any of the averments of the petition, but sets up new matter by way of defense. The defendants by such affirmative defense make claim of ownership to one-half of the real estate described in the petition. Hence, the facts set out in both the petition and answer must necessarily be considered in determining the case.

William McMullen died intestate March 10, 1880, without issue, and seized in fee-simple of the 69 and 5 acre tracts of land described in the petition—both acquired by purchase.

William left surviving him a widow, Eliza J. McMullen, who from the personal estate of her deceased, purchased and took title to herself of the 109 acre tract described in the petition. In 1888 said Eliza J., the widow, died intestate without issue, seized of the three tracts of land.

The plaintiffs are the brothers and sisters of said Eliza Jane, or the legal representatives of the deceased's brothers or sisters.

The defendant, Thomas O. Ellis, Sr., was the uncle, and the other defendants, except the administrator, were cousins of William McMullen, the plaintiffs bearing the same relation to him. William and Eliza J. were cousins. William McMullen never had a brother or sister.

The plaintiffs claim to be the owners of all described real estate, are in possession of it, and ask to have their title granted.

The plaintiffs lay claim to the one undivided half of said real estate under the statute of descent, and ask for partition.

William McMullen died seized of the 69 and 5 acre tracts. Eliza Jane purchased the 105 acre tract after his death. This presents two questions for determination:

First—As to the 69 and 5 acre tracts.

Second—As to the 109 acre tract.

The first proposition named—that is as to the ownership of the two tracts—is not of very easy solution. Mrs. McMullen took the real estate under section 4159—which provides:

"Section 4159. If the estate came not by descent, devise or deed of gift, it shall descend and pass as follows:

First—To the children of the intestate and their legal representatives.

Second—If there are no children or their legal representatives, the estate shall pass and be vested in the husband or wife of such intestate.

Third—If such intestate leaves no husband or wife, relict to himself or herself, the estate shall pass to the brothers and sisters of the intestate of the whole blood, and their legal representatives.

Fourth—If there are no brothers or sisters of the intestate of the whole blood, or their legal representatives, the estate shall pass to the brothers and sisters of the half-blood, and their legal representatives.

Fifth—If there are no brothers or sisters of the intestate of the half-blood, or their legal representatives, the estate shall ascend to the father; if the father is dead, then to the mother. :

Sixth—If the father and mother are dead, the estate shall pass to the next of kin and their legal representatives, to and of the blood of the intestate."

Upon the death of Mrs. McMullen intestate and without issue, the estate

would pass under section 4162, if the conditions as provided in such section exist.

See 4162, as amended 3d vol. Rev. Stat., 210.

If William McMullen had brothers and sisters, there would be no difficulty in determining this question. Unfortunately he had none, and we are called upon to construe to section of the statute.

There is no question made but that one-half the estate goes to the plaintiffs. To whom does the other one-half pass or descend? It is claimed on the part of the defendants that under the section referred to—4162—they are the owners of the one undivided half of the two tracts.

It is claimed that the words "or their personal representatives," as found in sec. 4162, to be or mean the same as legal representatives or next of kin—also that sec. 4162 is a special provision applicable to a particular class of cases, and that the general provisions must yield to it. And that secs. 4158 and 4159 are general provisions regulating the descent of estates.

It is especially claimed and argued that the words "or their personal representatives" refer to "husband or wife," and not to brothers and sisters. That the word "their" refers to the first preceding antecedent noun, and an authority on grammatical construction of sentences and rules of construction is cited.

Let us read the sec. 4162, and take it together.

"Section 4162. When the relict of a deceased husband or wife dies intestate and without issue, possessed of any real estate or personal property, which came to such intestate from any former deceased husband or wife, under the provisions of section forty-nine hundred and fifty-nine, then such estate, real and personal, shall pass and descend, one-half to the brothers and sisters of such deceased husband or wife from which such personal or real estate came, or their personal representatives."

The intent of the legislature undoubtedly was to distribute the estate equally to two classes. One portion in the line of the wife, the other in that of the husband. There is no ambiguity, and there can be no dispute but one-half goes to the brothers and sisters of the intestate or their legal representatives, and "their" refers to brothers and sisters and not to intestate, although intestate is the first preceding antecedent noun.

It is not equally as clear that in the next provision named the word "their" refers to brothers and sisters, and the term "husband and wife" are words of description, and not employed or used to designate the persons to inherit.

If we would transpose the sentence, there would be no trouble in construing it, and it would then read "and one-half to the brothers and sisters, or the personal representatives of such deceased husband or wife from which such personal or real estate came."

The words "brothers and sisters" are in the plural. "Their" is plural. The words "husband and wife" are in the singular and disjunctive. So to use the pronoun "their" for either the one or the other, would be bad grammar, very bad grammar.

We are of opinion that the word "their" refers to brothers and sisters, and as William McMullen had no brothers and sisters, there is no one to take under this provision of the statute.

If there are no brothers and sisters, or their legal representatives, the defendants are not entitled to anything under sec. 4162. They do not belong to any of the classes named in the section.

If sec. 4162 alone controlled, the plaintiffs would take but one undivided half of the two tracts mentioned, and the other one-half would escheat to the state.

We are not able to agree with the plaintiffs in the construction put upon sec. 4160, which provides:

"Section 4160. When a person dies intestate, having title or right to any real estate or inheritance as provided in section forty-one hundred and fifty-eight, and leaves husband or wife, relict of himself or herself, and there is no person who, under the provisions of that section would be entitled to inherit the same, or an estate therein save and except such husband or wife, relict of such intestate, then the estate shall pass to and vest in the husband or wife of the intestate as an estate of inheritance; and if there is no such person, and no husband or wife relict of the intestate, the estate shall pass to and vest in the next of kin of the intestate, though not of the blood of the ancestor from whom the estate came."

The real estate did not pass to Mrs. McMullen by virtue of sec. 4158, and as she did not hold title by virtue of the last named section, sec. 4160 cannot control the course of descent. We are all of the opinion that in this particular the construction put upon secs. 4158, 4159 and 4160, by the learned judge below, is the correct one, and I shall take the liberty to quote what he has said in his opinion relative to sec. 4159.

"Section 4159, provides for the descent of estates that came not by descent, devise or deed of gift.

"The meaning of that is, that if the estate came not by descent, devise or deed of gift, as provided in sec. 4158, it shall descend as provided in sec. 4159."

We agree with counsel for the defendant as a principle or rather a rule, that the provisions of a special statute prevail over a general one, or rather that the general statute shall give way to the special, providing the conditions giving effect to or upon which the special statute may operate, exist. If they do not, the general statute controls the same as if the special statute were not in existence. So that when the fact exists that William McMullen never had a brother or sister, then as to one-half of the estate the conditions as provided for in sec. 4162, do not exist, and the estate descends as provided for in sec. 4159, it not being ancestral property.

Then to briefly restate the proposition. If the estate inherited by Eliza J. McMullen from her deceased husband, did not pass, that is, the one-half of it, under sec. 4162, for the reason that her husband William McMullen never had a brother or sister, it will then descend to the heirs of said Eliza J. under sec. 4159. Such heirs being the plaintiffs. Sustained by Brower et al. v. Hunt et al., 18 U. S., 311.

The same rules applied to the 109 acres would give it to the plaintiffs. There are other reasons, however, beyond, which are conclusive in regard to that portion of the land.

Under sec. 4159, Eliza J. McMullen inherited the personal estate of her deceased husband. If she had died possessed of such personal estate, if it had remained undisposed of by Mrs. McMullen it would present the same question that is presented relative to the 99 and 5 acre tracts of land.

The personal property, however, became Mrs. McMullen's absolutely, with power of disposition, which included the right to use or invest the same as she saw proper.

She used the personal estate by investing it in the 109 acre tract. This tract she died seized of, had title to, and had acquired it by purchase. Mrs. McMullen did not die possessed of any personal estate which came to her from her deceased husband. The 109 acre tract came by purchase, and she could not have made an equitable conversion of personal estate which was her own absolutely. A conversion necessarily presupposes an ownership, right or interest of another in the property converted.

Mrs. McMullen having died intestate and without issue, seized of the 109 acre tract, acquired by purchase, it will descend to the plaintiffs under the third clause of sec. 4159, which is: "That if the intestate leaves no husband or wife

relict of himself or herself, the estate shall pass to the brothers, and sisters of the intestate of the whole blood and their legal representatives."

With these views of the case, the demurrer to the answer will be sustained.

Decree for the plaintiffs as prayed for at the costs of the defendants other than the defendants the administrators of the estate of Eliza Jane McMullen.

All concur.

E. J. Howenstein, for plaintiff.

West, Brown & West, and Wm. Lawrence, for defendant.